KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant United States Attorney
California State Bar No. 239764
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619)235-2757 (Fax)
E-mail: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENITO CONTRERAS-MESA,<br><br>Defendant. | Criminal Case No. 08CR2412-LAB<br><br>DATE: September 2, 2008<br>TIME: 2:00 p.m.<br><br>GOVERNMENT'S NOTICE OF MOTION AND MOTION FOR:<br><br>(1) RECIPROCAL DISCOVERY;<br>(2) FINGERPRINT EXEMPLARS; AND<br>(3) LEAVE TO FILE FURTHER MOTIONS<br><br>TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant United States Attorney, and hereby files its notice of motion and motion for reciprocal discovery, fingerprint exemplars and leave to file further motions. These motions are supported by the attached statement of facts and memorandum of points and authorities.

DATED: August 12, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

s/Aaron B. Clark

AARON B. CLARK
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. BENITO CONTRERAS-MESA, Defendant. | ) | Case No. 08CR2412-LAB CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **Government's Notice of Motion and Motions** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Timothy R. Garrison

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 12, 2008

/s/ Aaron B. Clark
AARON B. CLARK

KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant United States Attorney
California State Bar No. 239764
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619)235-2757(Fax)
E-mail: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENITO CONTRERAS-MESA,<br><br>Defendant. | Criminal Case No. 08CR2412-LAB<br><br>DATE: September 2, 2008<br>TIME: 2:00 p.m.<br><br>GOVERNMENT'S STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR:<br><br>(1) RECIPROCAL DISCOVERY;<br>(2) FINGERPRINT EXEMPLARS; AND<br>(3) LEAVE TO FILE FURTHER MOTIONS |

**I.**

**STATEMENT OF THE CASE**

On July 23, 2008, a federal grand jury in the Southern District of California returned a true bill of Indictment charging Benito Contreras-Mesa ("Defendant") with one count of Deported Alien Found in the United States in violation of Title 8, United States Code, § 1326(a) and (b). Defendant was arraigned on the indictment on July 24, 2008 and entered a plea of "not guilty."

**II.**

**STATEMENT OF THE FACTS**

**A. IMMIGRATION HISTORY**

Defendant is a Mexican citizen. His was recently deported from the United States to Mexico on January 26, 2008.

//

**B. <u>RAP SHEET SUMMARY CHART</u>**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 1-10-08 | CASC Bakersfield | PC 290(A)(1)(A) – Failure to Register as a Sex Offender | 3 years probation |
| 4-23-01 | CASC Bakersfield | PC 290(G)(2) – Failure to Register as a Sex Offender | 2 days |
| 3-23-88 | CASC Bakersfield | PC 288(A) – Lewd and Lascivious Acts w/ Child Under 14 | 3 years |

**C. <u>DEFENDANT'S APPREHENSION</u>**

On June 25, 2008, at approximately 7:30 a.m. Border Patrol Agent Damon Thompson encountered Defendant approximately on quarter mile east of the Andrade, California Port of Entry. Defendant was there determined to be a Mexican Citizen without documents to be in the United States legally. Defendant was then taken into custody and transported to the Yuma Border Patrol Station.

At approximately 12:30 p.m. the same day, Defendant was advised of his <u>Miranda</u> rights, which he elected to waive. Defendant then admitted he is a Mexican citizen without documents to be in the United States legally. Defendant also stated he had crossed into the United States earlier that morning by walking across the border approximately one quarter mile east of the Andrade, California Port of Entry. Defendant further admitted he had been deported through the San Ysidro, California Port of Entry earlier this year.

**II.**

**<u>MOTION FOR RECIPROCAL DISCOVERY</u>**

The United States hereby moves for reciprocal discovery from Defendant. To date Defendant have not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in their case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's requests for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The Government also requests a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by defendants. This rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**III.**

**MOTION FOR FINGERPRINT EXEMPLARS**

As part of its burden of proof at trial, the Government must prove beyond a reasonable doubt that Defendant is the same person who was previously deported from the United States. Defendant's warrants of deportation and related documents bear fingerprints to verify his identity. In order to meet our burden of proof, the United States anticipates calling a certified fingerprint examiner to obtain fingerprint exemplars from Defendant and compare those with the fingerprints on the immigration documents.

//

Defendant has no privilege against providing fingerprint exemplars. The Fifth Amendment privilege is limited to communications or testimonial evidence. Schmerber v. California, 384 U.S. 757, 763-64 (1966). The Government's use of identifying physical characteristics, such as fingerprint exemplars, does not violate a defendant's Fifth Amendment rights. See, e.g., United States v. De Palma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968). Compare United States v. Jackson, 886 F.2d 838, 845 n.8 (7th Cir. 1989) ("There is no doubt that requiring a defendant to give a handwriting specimen does not violate his fifth amendment privilege against self-incrimination since the privilege reaches only compulsion of a defendant's communication."). Accordingly, the Court should order that Defendant provide fingerprint exemplars to the Government's fingerprint expert.

## IV.

## LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

## V.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that its motions for reciprocal discovery, fingerprint exemplars and leave to file further motions be granted.

DATED: August 12, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

s/Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: aaron.clark@usdoj.gov